IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Civil No. 7:24-cv-468-BO-BM

| | |
|---|---|
| TIMOTHY OMAR HANKINS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |
| ) | |
| UNITED STATES CUSTOMS AND ) | |
| BORDER PROTECTION AGENCY; *et al.* ) | |
| ) | |
| Defendants. ) | |

Defendants United States Customs and Border Protection Agency ("CBP"), United States Department of Transportation ("DOT"), and the National Highway Traffic Safety Administration ("NHTSA"), an operating administration of DOT (collectively, "Defendants"), move to dismiss Plaintiff Timothy Omar Hankins, Sr.'s complaint pursuant to Rules 12(b)(1), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. As has been noted by other judges in this district, Hankins has a tendency to file numerous and incoherent pleadings. In this case, he is upset that he cannot violate a 50-year old federal law ensuring that vehicles on U.S. roadways are safe. He brings his claim as a supposed Fourth Amendment action, but it suffers from many flaws. He has not identified a basis for this Court to exercise jurisdiction. He has not effectuated service on the United States. And he has not identified a Fourth Amendment violation. Accordingly, the complaint should be dismissed.

## BACKGROUND

Hankins has a history of bringing *pro se* cases and making meritless filings in

North Carolina and, to a lesser degree, in other parts of the country.[1] First, in a divorce case that started a decade ago, Hankins filed "voluminous rambling and incoherent documents" which necessitated a "gatekeeper order" that required Hankins to obtain a certification from a lawyer that the document complied with Rule 11 before filing it. Order Dismissing Case ¶ 3 n.2, *In re Timothy Omar Hankins, Sr.*, Case. No. 18-3044-5-DMW (Bankr. E.D.N.C. Mar. 25, 2019) D.E. 195.

Apparently, after the state court ordered an equitable distribution following years of litigation, Hankins turned to federal court to stop his former wife from receiving any money. Order ¶ 8, *In Re Hankins*. Hankins brought a bankruptcy suit during which he refused to obtain an attorney and "complained of a vast conspiracy by several lawyers and at least one Wake County district judge to 'steal' his money." *Id.* ¶ 6 n.2. In that case, Hankins showed a "propensity to file random pleadings with outlandish allegations." *Id.* ¶ 15. After the bankruptcy court dismissed his allegations, Hankins sued the United States, North Carolina State Bar, North Carolina, and the Wake County District Court among others, under various constitutional provisions. Memorandum & Recommendation at *Hankins v. United States*, 7:20-cv-179-FL (E.D.N.C. Aug. 30, 2021) D.E. 17. He alleged that several attorneys, state-court judges and court personnel, United States Bankruptcy Judge David M. Warren and the Bankruptcy Administrator, and Plaintiff's former spouse had violated, and conspired to violate, his federal constitutional and statutory rights.

---

[1] "[I]n the context of a motion to dismiss, a court may take judicial notice of docket entries, pleadings and papers in other cases without converting a motion to dismiss into a motion for summary judgment." *Strickland-Lucas v. Citibank, N.A.*, 256 F. Supp. 3d 616, 623 (D. Md. 2017).

*Id.* at 6. That suit was dismissed as frivolous. *Id.* at 22. But, while that suit and his bankruptcy proceedings were ongoing, Hankins brought suit against the state of North Carolina in the United States District Court for the District of Columbia. That suit was dismissed for lack of subject matter jurisdiction. Memorandum Opinion, *Hankins v. North Carolina*, Civ. Action No. 21-1066 (UNA) (D.D.C. June 14, 2021) ECF No. 10.

Now, Hankins has started this action. He initiated this action *in forma pauperis* despite the matter concerning multiple expensive cars purchased overseas and transported to the United States, D.E. 2, and, within two-days of filing the complaint, Hankins moved to compel, D.E. 5. The Court referred the motions for an IFP screening, and, while the review was pending, Hankins moved for summary judgment. D.E. 6. Hankins then paid the filing fee, so the Court issued summons. D.E. 7. A day after the Court issued summons to CBP, NHTSA, and DOT, Hankins moved for sanctions. D.E. 8. Shortly after that, he filed a certificate of service. D.E. 9.

Viewed together or separately, the various filings are far from a model of clarity. According to the filings, when Hankins was visiting China, he purchased two electric cars and paid for them to be shipped to the port of Wilmington. D.E. 1 ¶¶ 3-5. The cars were from Zhongbei Automobile Industry Co., Ltd. D.E. 1-1. The vehicles were ineligible for import and, thus, CBP has not allowed the cars to enter the United States. D.E. 1-1. Hankins "contends that the United States Constitution takes over Federal Statute" and that "[t]he United States Constitution makes no mention of the

Page **3** of **12**

Case 7:24-cv-00468-BO-BM    Document 12    Filed 10/09/24    Page 3 of 12

Car Market" D.E. 5 ¶ 5. He admits that a "mistake was made" but asserts that "the penalty doesn't fit the criminal act." D.E. 1 ¶ 11. He asks the Court to rewrite the law and permit the cars enter into the U.S. market in return for "a fair fine for [his] mistake." D.E. 1 ¶ 16. As to service, Hankins "firmly feels that by serving and or delivering a copy to the US Customs and Border Protection, all respondents were served." D.E. 6 ¶ 3.A.

## STANDARD OF REVIEW

### I. Rule 12(b)(1)

Rule 12(b)(1) provides for dismissal of an action if the court lacks subject matter jurisdiction over it. Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of showing federal jurisdiction on a Rule 12(b)(1) motion. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Richmond, Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991). "The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case." *Johnson v. North Carolina,* 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012) (citing *Jones v. Am. Postal Workers Union,* 192 F.3d 417, 422 (4th Cir. 1999)). The court must dismiss the action if it determines, at any time, that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

### II. Rule 12(b)(5)

A motion under Rule 12(b)(5) "challenges the sufficiency of service of process," and when a defendant brings a 12(b)(5) motion, "the plaintiff bears the burden of establishing that the service of process has been performed in compliance with the

requirements of Federal Rule of Civil Procedure 4." *Spinks v. Cohen*, No. 1:19-CV-522, 2020 WL 1676919, at *2 (M.D.N.C. Apr. 6, 2020) (internal quotation marks omitted). Although a *pro se* plaintiff may receive some leniency, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

### III. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 562–63, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. *See, e.g., Iqbal*, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302; *see Iqbal,* 556 U.S. at 677–79; *Jennette v. Beverly*, No. 5:15-CT-3019-D, 2015 WL 7176452, at *2 (E.D.N.C. Nov. 10, 2015).

A well-pleaded complaint must contain factual allegations that produce "an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 256 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 680). To satisfy this

standard, the complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678. Federal Rule of Civil Procedure 8(a)(2) requires a "showing"—more than just a "blanket assertion"—of the grounds which would entitle the plaintiff to relief. *Twombly*, 550 U.S. at 555 n.3.

"Although a court must liberally construe a *pro se* plaintiff's allegations, it cannot ignore a clear failure to allege facts that set forth a cognizable claim." *Brissett v. Wells Fargo Bank, N.A.*, No. 4:13-CV-243-D, 2014 WL 4798711, at *2 (E.D.N.C. Sept. 26, 2014), *aff'd*, 599 F. App'x 515 (4th Cir. 2015) (internal quotation marks omitted). Thus, "[t]he 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990).

## ARGUMENT

Hankins' complaint fails on three separate grounds. First, the Hankins has not alleged sufficient facts to support an exercise of equitable jurisdiction. Second, Hankins has not served the United States or attempted service. Third, Hankins fails to state a claim upon which relief can be granted.

### I. **Hankins has not established this Court's jurisdiction.**

Hankins has not established this Court's jurisdiction. To properly establish jurisdiction in suit against a sovereign entity, a plaintiff must identify a grant of jurisdiction, a cause of action, and a waiver of sovereign immunity. *See Floyd v. D.C.*, 129 F.3d 152, 155 (D.C. Cir. 1997) ("Where the United States is the defendant,

Page **6** of **12**

Case 7:24-cv-00468-BO-BM   Document 12   Filed 10/09/24   Page 6 of 12

however, federal subject matter jurisdiction is not enough; there must also be a statutory cause of action through which Congress has waived sovereign immunity."); s*ee, e.g.*, *Grappell v. Cardona*, No. 23-CV-24336, 2024 WL 2273366, at *10 (S.D. Fla. May 20, 2024) (stating that *pro se* plaintiff had to identify a cause of action with an accompanying waiver of sovereign immunity over which the court had subject matter jurisdiction). Here, Hankins has identified 28 U.S.C. § 1331, which provides a general grant of subject matter jurisdiction. D.E. 1 ¶ 1. But Hankins has not identified a cause of action or a waiver of sovereign immunity.

Hankins has not requested monetary relief in his various filings, and, even if he had, there is no general waiver of sovereign immunity for monetary claims. *See Lane v. Pena*, 518 U.S. 187, 192 (1996) (stating that waivers of sovereign immunity "must extend unambiguously to [identified] monetary claims"). And, although the United States has waived sovereign immunity for equitable claims, *see* 5 U.S.C. § 702, "judicial restraint cautions against exercising equitable jurisdiction whenever it exists." *Matthews v. United States*, 917 F. Supp. 1090, 1101 (E.D. Va. 1996). Rather, a number of courts have held that when an individual brings an action against the United States for return of property, jurisdiction "is proper only upon a showing of callous disregard of the Fourth Amendment, irreparable injury if relief is not granted, and lack of an adequate remedy at law." *Matter of Search of 4801 Fyler Ave.*, 879 F.2d 385, 387 (8th Cir. 1989); *see, e.g., Ramsden v. United States*, 2 F.3d 322, 326 (9th Cir. 1993) (finding equitable jurisdiction was appropriate when a "callous disregard" for the Fourth Amendment was established and there was no other remedy for needed

papers); *Richey v. Smith*, 515 F.2d 1239, 1243-44 (5th Cir. 1975) (discussing "callous disregard," "irreparable injury," and "adequate remedy" in determining whether equitable jurisdiction was appropriate).[2]

Here, Hankins cannot satisfy this test and, thus, he cannot establish jurisdiction. First, the "accurate allegation of callous disregard" is "indispensab[le]." *Trump v. United States*, 54 F. 4th 689, 698 (11th Cir. 2022). As discussed *infra*, Defendants did not violate the Fourth Amendment, much less do so in a "callous" way. As CBP personnel, Defendants were acting pursuant to a statutory mandate to ensure the interdiction of goods illegally entering the country. *See* 6 U.S.C. § 211(c)(2). According to the complaint, they stopped goods at the border. Hankins points to no case allowing him to violate the law or stopping Defendants from preventing that violation, and there is no law to suggest such an outcome. Second, he is not suffering irreparable harm. He is not claiming a threat to human health or other extreme circumstance that would constitute irreparable harm. As to the third factor, "[n]o weight can be assigned to this factor because [Hankins] did not assert that any rights had been violated." *United States v. Chapman*, 559 F.2d 402, 407 (5th Cir. 1977). Accordingly, the complaint should be dismissed for lack of jurisdiction.

## II. Hankins failed to perfect service within 90 days.

To obtain proper and complete service on an agency, Rule 4(i)(2) requires that a party must serve the United States and send a copy of the summons and of the

---

[2] The exercise of this equitable authority is sometimes referred to as "anomalous jurisdiction" because courts are acting pursuant to inherent authority instead of a statutory grant. *See Lord v. Kelley*, 223 F. Supp. 684, 688 (D. Mass. 1963).

complaint by registered or certified mail to the agency, corporation, officer, or employee. To perfect service on the United States, Rule 4(i)(1) requires that a party deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Hankins has made no effort to serve the United States Attorney or the Attorney General. He has not asked this Court for summons. He has not identified any attempt to effectuate service on the United States, and more than 90 days have passed since the initiation of his action. Accordingly, Rule 4(m) requires that this action be dismissed or that Hankins be ordered to perfect service.

### III.   Hankins has failed to identify a Fourth Amendment violation.

Defendants' actions were lawful and appropriate and did not impair Hankins' Fourth Amendment rights. The Fourth Amendment prohibits "unreasonable searches and seizures." However, "[s]ince the founding of our Republic, Congress has granted the Executive plenary authority to conduct routine searches and seizures at the border, without probable cause or a warrant, in order to regulate the collection of duties and to prevent the introduction of contraband into this country." *United States*

Page **9** of **12**

Case 7:24-cv-00468-BO-BM    Document 12    Filed 10/09/24    Page 9 of 12

*v. Montoya de Hernandez*, 473 U.S. 531, 538 (1985). Thus, the "border search exception" allows for "direct interception" of unlawful products at the border. *United States v. Kolsuz*, 890 F.3d 133, 143-44 (4th Cir. 2018).

Here, the National Traffic and Motor Vehicle Safety Act of 1966 ("Safety Act") generally prohibits the importation of vehicles that do not comply with applicable safety standards. 49 U.S.C. §§ 30112(a), 30115(a). Thus, under the Fourth Amendment, CBP was allowed to examine goods as they entered the Port of Wilmington, and, under the Safety Act, the cars Hankins sought to import through that port were ineligible for importation. Hankins concedes that the search was done at the border and a non-compliant vehicle was seized. D.E. 1 ¶¶ 5, 6, 9. In this matter, the subject goods were detained pursuant to 19 U.S.C. § 1499. As such, CBP was entitled to detain the goods, and the facts alleged show *lawful* government action. Accordingly, the complaint must be dismissed.

## CONCLUSION

Hankins' complaint does not state a plausible claim for relief, and this Court should grant the motion to dismiss.

Respectfully submitted this 9th day of October.

         MICHAEL F. EASLEY, JR.
         United States Attorney

BY: */s/ Jonathan Silberman*
   JONATHAN SILBERMAN
   Assistant United States Attorney
   Eastern District of North Carolina
   150 Fayetteville Street, Suite 2100
   Raleigh, NC 27601
   Telephone: (919) 614-5539
   Email: jonathan.silberman@usdoj.gov
   Maryland Barred
   Attorney for Defendant

**CERTIFICATE OF SERVICE**

 I do hereby certify that I have on this 9th day of October 2024, served a copy of the foregoing upon the below-listed party by placing a copy in the United States Mail to the following:

 Timothy Omar Hankins Sr.
 60 Randolphville Rd NE
 Bolivia NC 28422

       BY: */s/ Jonathan Silberman*
          JONATHAN SILBERMAN
          Assistant United States Attorney
          Eastern District of North Carolina
          150 Fayetteville Street, Suite 2100
          Raleigh, NC 27601
          Telephone: (919) 614-5539
          Email: jonathan.silberman@usdoj.gov
          Maryland Barred
          Attorney for Defendant