IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-CV-468-BO-BM

| | |
|---|---|
| TIMOTHY OMAR HANKINS, SR., <br> Plaintiff, <br><br> v. <br><br> US CUSTOMS AND BORDER PROTECTION AGENCY, US DEPARTMENT OF TRANSPORTATION, NATIONAL HIGHWAY SAFETY ADMINISTRATION, <br> Defendants. | O R D E R |

This cause comes before the Court on defendants' motions to dismiss and plaintiff's motions to compel, for summary judgment, for hearing and sanctions, and for contempt. The appropriate responses and replies have been filed, or the time for doing so has expired, and the motions are ripe for disposition. For the reasons that follow, defendants' motions to dismiss are granted and plaintiff's motions are denied as moot.

## BACKGROUND

Plaintiff, who proceeds in this action *pro se*, filed a complaint against defendants alleging claims under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiff's claims arise from the alleged unlawful seizure by the United States Customs and Border Protection Agency (USCBP) of two electric cars. Plaintiff alleges that he purchased the cars as gifts for his daughters while he was visiting China and paid for the cars in full. The cars arrived at the Port of Wilmington, North Carolina on May 25, 2024. Plaintiff discovered that the company from which he purchased the cars is not authorized to sell cars in the United States. USCBP has issued orders stating that the cars must be shipped back to China, or they will be destroyed. Plaintiff

alleges that he would consent to a fair fine but that destroying the cars is not right. Plaintiff's complaint is styled as an emergency, ex parte petition and he identifies 28 U.S.C. § 1331 as the basis of this Court's jurisdiction. [DE 1].

Shortly after filing the complaint, and prior to summonses being issued, plaintiff filed a motion to compel the USCBP to demonstrate where damage or injury would occur if the cars were released and why USCBP should continue to hold the cars. [DE 5]. Plaintiff then filed a motion for summary judgment. [DE 6]. Summonses were issued and plaintiff filed a motion for hearing and for sanctions. [DE 8]. Defendants then moved to dismiss the complaint. [DE 11].

Plaintiff responded to the motion to dismiss [DE 14] and then filed an amended response and amended complaint to add claims under 42 U.S.C. §§ 1981, 1983, 1985, 1986. Defendants moved to dismiss the amended complaint. [DE 17]. Plaintiff subsequently filed a motion to compel, for contempt, and for sanctions regarding a subpoena issued to Wells Fargo [DE 19] as well as a motion to dismiss the defendants' motions to dismiss and for summary judgment. [DE 20]. Wells Fargo has responded in opposition to the motion to compel, for contempt, and for sanctions. [DE 22].

## DISCUSSION

Defendants have moved to dismiss plaintiff's complaint pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). When a

2

Case 7:24-cv-00468-BO-BM    Document 23    Filed 03/18/25    Page 2 of 7

facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

Rule 12(b)(5) authorizes dismissal for insufficient service of process, or a deficiency in service itself. *See Washington v. Cedar Fair, L.P.*, No. 3:22-cv-244-MOC-DSC, 2023 U.S. Dist. LEXIS 16559, at *5 (W.D.N.C. Feb. 1, 2023). When a defendant moves to dismiss for insufficient service of process, the plaintiff must demonstrate that service has been effected in accordance with the rules. *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (alteration and citation omitted).

3

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006) (en banc)).

The Court lacks subject matter jurisdiction over the original and the amended complaint. Generally, the United States and its agents, acting within the scope of their official government employment, enjoy sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Plaintiff identifies 28 U.S.C. § 1331 as the basis for this Court's jurisdiction, but that is a general grant of subject matter jurisdiction, and fails to identify a waiver of the United States' sovereign immunity.

Plaintiff seeks, at bottom, equitable relief in his original complaint. [DE 1 at 3-4]. The United States has waived sovereign immunity for equitable claims in 5 U.S.C. § 702. When considering a claim for return of property against the United States, courts have held "that such jurisdiction is proper only upon a showing of callous disregard of the [F]ourth [A]mendment, irreparable injury if relief is not granted, and lack of an adequate remedy at law." *Matter of Search of 4801 Fyler Ave.*, 879 F.2d 385, 387 (8th Cir. 1989). "This remedy should be exercised cautiously and subject to general equitable principles." *Black Hills Inst. of Geological Rsch. v. U.S. Dep't of Just.*, 967 F.2d 1237, 1239 (8th Cir. 1992).

Plaintiff's allegations fail to suggest a callous disregard of his Fourth Amendment rights. Although plaintiff's goods were detained, he has not alleged that the detention or seizure of the

4

cars was anything more than port personnel acting pursuant to statutory mandates. Plaintiff has further not alleged any irreparable harm.

Plaintiff has also failed to establish subject matter jurisdiction if the Court were to construe his claims as arising under the Federal Tort Claims Act. The Federal Tort Claims Act (FTCA) provides a limited waiver of sovereign immunity, 28 U.S.C. § 2679(b)(1), and plaintiffs "must file an FTCA action in careful compliance with its terms." *Kokotis v. U.S. Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000). Critically, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). This requirement is jurisdictional and cannot be waived. *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986).

Plaintiff's allegations do not support that he has complied with the FTCA's exhaustion requirement. Moreover, plaintiff's claims would fail by operation of the FTCA's "detention of goods" exception." *Nsiah v. U.S. Customs & Border Prot.*, No. 1:24-CV-01243-JRR, 2024 WL 4956226, at *4 (D. Md. Dec. 3, 2024). Sovereign immunity has not been waived for claims arising from "the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer," unless certain forfeiture-related seizures are at issue. 28 U.S.C. § 2680(c); *see also Myers v. Mayorkas*, 67 F.4th 229, 233 (4th Cir. 2023); *Foster v. United States*, 522 F.3d 1071, 1074 (9th Cir. 2008). Accordingly, insofar as plaintiff has alleged claims under the FTCA, the "detention of goods" exception to the FTCA's waiver of sovereign immunity applies, and the Court lacks jurisdiction over his claims. *Nsiah*, 2024 WL 4956226, at *4.

In plaintiff's amended complaint, [DE 16], he purports to allege claims against the same defendants under 42 U.S.C. §§ 1981, 1983, 1985, and 1983. But "the doctrine of sovereign

5

immunity bars the Court from hearing Plaintiff's 42 U.S.C. §§ 1981, 1983, 1985[], and 1986 claims." *Jean-Baptiste v. U.S. Dep't of Just.*, No. CV 23-432 (RC), 2024 WL 1253858, at *4 (D.D.C. Mar. 25, 2024). Plaintiff's amended complaint, as well as his opposition to the first motion to dismiss, also includes allegations about a number of other individuals and acts. Rule 10(a) of the Federal Rules of Civil Procedure requires that the title of the complaint contain the names of all parties. Plaintiff's caption lists only United States agencies as defendants. Although plaintiff includes "es al." in his caption, he does not in any other section of his amended complaint identify any other persons or entities as defendants. Thus, to the extent plaintiff has attempted to allege claims against persons who are not named as defendants and for whom summonses have not been issued, such claims are dismissed. *Stroupe v. Whisnant*, No. 1:22-cv-00088-MR, 2022 U.S. Dist. LEXIS 160930, at *5-6 (W.D.N.C. Sep. 6, 2022); *see also Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process.").

In sum, plaintiff has failed to demonstrate that the Court has subject matter jurisdiction over his claims. To the extent plaintiff seeks to allege claims over persons or entities not identified as defendants, those claims are dismissed. The motions to dismiss are therefore granted.[1] Plaintiff's motions are denied as moot.[2]

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motions to dismiss [DE 11; DE 17] are GRANTED. Plaintiff's motions [DE 5; DE 6; DE 8; DE 19; DE 20] are DENIED AS MOOT.

---

[1] The motions to dismiss raise other grounds for dismissal, which the Court need not consider as it has determined that it lacks subject matter jurisdiction.

[2] One of plaintiff's motions concerns a subpoena issued to Wells Fargo Bank regarding property at 810 Martin Street in Raleigh, North Carolina. In addition to being moot, for those reasons discussed in the response by Wells Fargo [DE 22], plaintiff's motion to compel, for contempt, and for sanctions [DE 19] is denied.

Plaintiff's complaint and amended complaint [DE 1; DE 16] are DISMISSED for lack of subject matter jurisdiction. The clerk is DIRECTED to enter judgment and close the case.

SO ORDERED, this 17 day of March 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE